FILED by WC D.C.

ELECTRONIC

Oct 30 2003

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JOSEFINA FIERROS and
NORMA SOLANO,　　　　　　　　　　CASE NO. 03-14031-CIV-MOORE/LYNCH
on behalf of themselves and
all others similarly situated,

   Plaintiffs,

v.

TAMPA FARM SERVICE, INC.

   Defendant.
_____/

**TAMPA FARM'S MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO PLAINTIFFS' REPLY BRIEF IN SUPPORT OF CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT OR IN THE ALTERNATIVE, MOTION TO STRIKE PLAINTIFFS' REPLY BRIEF IN SUPPORT OF CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

  Defendant, Tampa Farm Services, Inc. ("Tampa Farm"), by and through its undersigned counsels, hereby moves pursuant to S.D.Fla.L.R. 7.1(c) and F.R.C.P. 12(f) for leave to file a sur-reply to Plaintiffs Josefina Fierros and Norma Solano ("Plaintiffs") Reply Brief in Support of their Cross-Motion for Partial Summary Judgment ("Plaintiffs' Reply Brief") or in the alternative moves to strike Plaintiffs' Reply Brief because it is a sur-reply filed without first filing the appropriate motion, and because it contains scandalous, impertinent and factually unsupported allegations.

**Procedural Background**

  Tampa Farm filed a Motion for Partial Summary Judgment on September 17, 2003 (Docket No. 45). Plaintiffs filed a Memorandum of Law in Opposition to Tampa Farm's Motion for Partial Summary Judgment and a Cross-Motion for Partial Summary Judgment on October 1, 2003 (Docket No. 51). Tampa Farm then filed a Reply in Support of its Motion for Partial Summary Judgment and a Memorandum of Law in Opposition to Plaintiffs' Cross-Motion for Partial Summary Judgment (Tampa Farm's Reply") on October 9, 2003 (Docket No. 54). Plaintiffs recently filed a Reply Brief

FTL:1119493:2

RUDEN, McCLOSKY, SMITH, SCHUSTER & RUSSELL, P.A.

1

in Support of their Cross-Motion for Partial Summary Judgment, ("Plaintiffs' Reply") on October 21, 2003 (Docket No. 57), which is nothing more than an improper sur-reply to Tampa Farm's Reply.

### Arguments I A & B of Plaintiffs' Reply Brief Should be Stricken or Tampa Farm Should be Permitted to Respond

Arguments I A&B of Plaintiffs' Reply Brief are all sur-reply arguments. The Plaintiffs' own Reply specifically indicates it is merely readdressing arguments that were raised in Tampa Farm's motion.[1] Plaintiffs' counsel reargued and regurgitated arguments in the form of a "reply" that were already argued in Plaintiffs' Opposition to Tampa Farm's Motion for Partial Summary Judgment in direct contravention of the local rules which states in part:

> reply memorandum shall be strictly limited to rebuttal of matters raised in the memorandum in opposition without reargument of matters covered in movant's initial memorandum of law. No further or additional memoranda of law shall be filed without prior leave of court.

S.D.Fla.L.R. 7.1(c)

Plaintiffs' Reply also incorrectly implies that Tampa Farm "catastrophic loss" Argument was raised for the first time in Tampa Farm's Reply. (Plaintiffs' Reply at p. 3). Clearly this is not the case. The issue was the cornerstone of Tampa Farm's Motion for Partial Summary Judgment. Further, Plaintiffs' Reply Brief mischaracterizes *Adkins v. Mid-American Growers, Inc.,* 167 F.3d 355 (7th Cir. 1999), *Walling v. Rocklin,* 132 F.2d 3 (8th Cir. 1942), *Wirtz v. Jackson & Perkins Company,* 312 F.2d 48 (2nd Cir 1963), and *Mitchell v. Hornbuckle,* 155. F.Supp. 205 (M.D. Ga. 1957) as involving the de minimis doctrine. None of these cases even mention the de minimis doctrine. These cases consistently held that farmers do not lose the FLSA agricultural exemption under circumstances in which they, on occasion, purchase outside products to meet production shortfalls due to unforeseen emergencies. Moreover, the cases that Plaintiff relied on dealt with facts

---

[1] Plaintiff's assert at page 2 of their Reply, that they are actually readdressing the arguments raised in Tampa Farms Motion: "In it's own motion for summary judgment and in its Reply…."
FTL:1119493:2

RUDEN, McCLOSKY, SMITH, SCHUSTER & RUSSELL, P.A.

2

and circumstances where farmers, as a routine part of their businesses, purchase outside products to meet demand in the marketplace. Again, it is only under these circumstances that the Eleventh and former Fifth Circuit cases reject the de minimis doctrine and these cases have not addressed a situation similar to Tampa Farm's in which it purchased outside products to cover for an unforeseen emergency that killed 120,000 of its laying hens. Therefore, Plaintiffs' argument that the cases Tampa Farm relied on are contrary to binding authority is inaccurate and misleading. Note also, that at least one case, namely *Adkins v. Mid-American Growers, Inc.,* 167 F.3d 355 (7th Cir. 1999), postdates 29 C.F.R. §§780.137, 780.138 & 780.141 (1972) and therefore do not affect the availability of the FLSA agricultural exemption under these facts and circumstances.

### Section III of Plaintiffs' Reply Brief Should be Stricken as Improper, Immaterial and Impertinent[2]

The Plaintiffs admit that they are illegal aliens and that they falsified their green cards and social security numbers in order to obtain jobs at Tampa Farms. Tampa Farms properly raised the immigration status of the Plaintiffs in response to Plaintiffs' Motion for Partial Summary Judgment. Plaintiffs' counsel's suggestion that Tampa Farm's counsel has somehow contravened Rule 4-3.4 of the Florida Rules of Professional Conduct, is inaccurate, not supported by any evidence, and is a less-than-veiled attempt to disparage Tampa Farm's counsel in the eyes of the Court.

Tampa Farm did not threaten criminal charges against Plaintiffs in this matter or any other instance. Tampa Farm was appropriately discussing and analyzing recent United States Supreme Court case law that denied back pay to illegal aliens who falsify their immigration documents to obtain jobs. *See Hoffman Plastic Compounds, Inc. v. National Labor Relations Board,* 535 U.S. 137 (2002). Tampa Farm was merely illustrating the analysis in *Hoffman* in opposing Plaintiffs' Cross-Motion for Partial Summary Judgment. Any suggestion that Tampa Farm's counsel has threatened

---

[2] There is no Section II in Plaintiffs' Reply Brief.
FTL:1119493:2

criminal prosecution to gain an advantage in a civil action is factually without support, scandalous, and should be stricken.

WHEREFORE, Tampa Farm Service, Inc., respectfully request that this Court grant it leave to file a sur-reply in opposition to Plaintiffs' Reply Brief in Support of their Cross-Motion for Partial Summary Judgment, or in the alternative that Plaintiffs' Reply Brief in Support of their Cross-Motion for Partial Summary Judgment be stricken.

### CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by U.S. Mail to: **David H. Spalter, Esquire**, Law Office of David H. Spalter, P.A., Rolling Hills Executive Center, 3325 S. University Drive, Suite 102, Davie, Florida 33328 and **Lee J. Baggett, Esquire**, Lewis, Mortell & Lewis, P.A., 1115 East Ocean Boulevard, Stuart, Florida 34996 Counsel for Plaintiffs, and **David B. Earle, Esquire**, Ross, Earle & Bonan, P.A., Royal Palm Financial Center, 759 South Federal Highway, Suite 212, Stuart, Florida 34994, Co-Counsel for Defendant, this 30th day of October 2003.

Respectfully submitted,

RUDEN, McCLOSKY, SMITH,
SCHUSTER & RUSSELL, P.A.
Attorneys for Defendant
200 East Broward Boulevard, 15th Floor
Fort Lauderdale, Florida 33302
(954) 764-6660; Fax: (954) 764-4996

By:   s/Thomas K. Gallagher
       Thomas K. Gallagher
       Florida Bar No. 793574
       Shahabudeen K. Kahn
       Florida Bar No. 0658782

Co-Counsel for Defendant:
David B. Earle, Esquire
Ross, Earle & Bonan, P.A.
Royal Palm Financial Center
759 South Federal Highway, Suite 212
Stuart, FL 34994

FTL:1119493:2

RUDEN, McCLOSKY, SMITH, SCHUSTER & RUSSELL, P.A.
4